IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM HENRICHS, on behalf of
RICHARD F. DAVIS,
    Petitioner,

vs.                              Case No.:  3:06cv421/LAC/EMT

RONALD MCNESBY,
    Respondent.
_____/

**ORDER AND
REPORT AND RECOMMENDATION**

        This cause is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1).  Petitioner seeks relief on behalf of his best friend, Richard F. Davis, who is detained at the Escambia County Jail pending trial on a charge of sexually molesting a victim less than 12 years of age (Doc. 1).  Petitioner's friend, Mr. Davis, does not directly assert any of the claims in the petition, nor does he sign the petition.

        Initially, it is apparent from the petition that Mr. Davis has not yet been convicted in state court of the charge for which he is currently being detained, and that his pre-trial detention is the subject of this habeas action; therefore, the petition is properly brought under 28 U.S.C. § 2241 and shall be construed as such.  Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-62 (11th Cir. 2004) (citing Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003), *cert denied*, 541 U.S. 1032, 124 S. Ct. 2098 (Mem), 158 L. Ed. 2d 714 (2004); Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 402 n.1 (11th Cir. 1988)).

        Additionally, Petitioner has failed to demonstrate that he has standing to bring the instant petition on Mr. Davis' behalf.  With rare exception, non-attorneys are not permitted to represent others in a legal capacity, and the exceptions to this rule are limited in scope.  *See generally* Wolff v. McDonnell, 418 U.S. 539, 577-580, 94 S. Ct. 2963, 2985-86, 41 L. Ed. 2d 935 (1974); Guajardo v. Luna, 432 F.2d 1324, 1325 (5th Cir. 1970); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982).  Relevant to the use of "next friends" in habeas corpus cases, the United States Supreme Court has stated:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Morgan v. Potter, 157 U.S. 195, 198, 15 S.Ct. 590, 591 30 L.Ed. 670 (1895); Nash ex rel. Hashimoto v. MacArthur, 87 U.S. App. D.C., 268-270, 184 F.2d 606, 607-608 (1950), *cert. denied*, 342 U.S. 838, 72 S.Ct. 64, 96 L.Ed. 634 (1951). Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989), *cert. pending*, No. 89-81; Smith ex rel. Missouri Public Defender Comm'n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir.), *cert. denied*, 483 U.S. 1033 (1987), 107 S.Ct. 3277, 97 L.Ed.2d 781 (1987); Weber v. Garza, 570 F.2d 511, 513-514 (5th Cir. 1978). Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, *see, e.g.*, Morris v. United States, 399 F.Supp. 720, 722 (E.D. Va. 1975), and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. Davis v. Austin, 492 F.Supp. 273, 275-276 (N.D. Ga. 1980) (minister and first cousin of prisoner denied "next friend" standing). The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. Smith, *supra*, at 1053; Groseclose ex rel. Harries v. Dutton, 594 F.Supp. 949, 952 (M.D. Tenn. 1984).
> . . . .
> Indeed, if there were no restriction on "next friend" standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of "next friend."

Whitmore v. Arkansas, 495 U.S. 149, 163-64, 110 S. Ct. 1717, 1727-28, 109 L. Ed. 2d 135 (1990); *see also* Sanchez-Velasco v. Sec'y of Dep't of Corrections, 287 F.3d 1015, 1025 (11th Cir. 2002); Lonchar v. Zant, 978 F.2d 637, 641-42 (11th Cir. 1992). An analysis of competency

> involves a determination of (1) whether that person suffers from a mental disease, disorder, or defect; (2) whether a mental disease, disorder, or defect prevents that person from understanding his legal position and the options available to him; and (3) whether a mental disease, disorder, or defect prevents that person from making a rational choice among his options.

Lonchar, 978 F.2d at 641-42.

In the instant case, Petitioner has alleged no facts showing that either prong of the test outlined in Whitmore is satisfied. Although he alleges that Mr. Davis has a history of cardiac arrest and was housed in the Jail infirmary, this does not satisfy the "mental incompetence" prong of the Whitmore standard. Furthermore, Petitioner has failed to show that he has a significant relationship with Mr. Davis, the real party in interest. Therefore, Petitioner has failed to demonstrate that he has standing to present Mr. Davis' claims.

Case No.: 3:06cv421/LAC/EMT

Furthermore, it plainly appears on the face of the petition that Mr. Davis is not entitled to relief in this court. Petitioner presents the following claims in his petition:

> Ground one: Mr. Davis did not violate the rules of pre-trial release.
>
> Ground two: Mr. Davis is being held without bond.
>
> Ground three: In direct violation of Judge Ackerman's order on August 24, 2006, Escambia County Jail has deprived Mr. Davis of the ability to support his family.
>
> Ground four: Mr. Davis is entitled to pre-trial release or a reasonable bond.

(Doc. 1 at 4-5). As relief, Petitioner asks this court to order that Mr. Davis be released on bond (*id.* at 6).

Pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53-54). Subsequent decisions have refined Younger to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional. *See* Trainor v. Hernandez, 431 U.S. 434, 447, 97 S. Ct. 1911, 1919, 52 L. Ed. 2d 486 (1977); Huffman v. Pursue, Ltd., 420 U.S. 592, 611, 95 S. Ct. 1200, 1212, 43 L. Ed. 2d 482 (1975); The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1507-09 (11th Cir. 1991); Redner v. Citrus County, 919 F.2d 646, 650 (11th Cir. 1990). Furthermore, irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. *See* Kugler v. Helfant, 421 U.S. 117, 123-25, 95 S. Ct. 1524, 1530-31, 44 L. Ed. 2d 15 (1975) (citing Younger, 401 U.S. at 46). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. Younger, 401 U.S. at 53-54 (citing Watson v. Buck, 313 U.S. 387, 402, 61 S. Ct. 962, 967, 85 L. Ed. 1416 (1941)). The Eleventh Circuit has emphasized the narrowness of the irreparable injury exception to the Younger doctrine. *See, e.g.*, Butler v. Ala. Inquiry Comm'n, 245 F.3d 1257, 1265 (11th Cir. 2001) ("Also, while we today make no decision about the constitutionality of Alabama's judicial canons,

we doubt that Canon 7(B)(2) patently or fragrantly violates the Constitution 'in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'") (citation omitted); Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977) ("The statute in this case, challenged as facially unconstitutional by the Petitioner, is certainly of questionable validity. But we certainly cannot say at this stage that this statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.' As in Younger, 'the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good-faith attempts to enforce it . . . '") (citations omitted). Proceedings to determine bail are properly subject to Younger abstention. O'Shea v. Littleton, 414 U.S. 488, 501, 94 S. Ct. 669, 679, 38 L. Ed. 2d 674 (1974); Suggs v. Brannon, 804 F.2d 274, 279 (4th Cir. 1986); Wallace v. Kern, 520 F.2d 400, 405, (2nd Cir. 1975).

In the instant case, Petitioner does not allege that Mr. Davis' prosecution for sexual molestation of a victim under 12 years of age was motivated by bad faith or that his claims fall under any of the Younger bad faith exceptions. Furthermore, Petitioner has failed to show that Mr. Davis is entitled to review under the "irreparable injury" exception, or that there is a lack of an adequate state forum in which to raise his claims. Therefore, the court should refrain from assuming jurisdiction over Petitioner's claims.

Accordingly, it is **ORDERED**:

The clerk shall change the docket to reflect that the Petitioner in this case is "WILLIAM HENRICHS, on behalf of RICHARD F. DAVIS," as the court has already done in the caption of this order.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** on the grounds that Petitioner lacks standing to assert claims on behalf of Richard F. Davis, and the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) applies.

At Pensacola, Florida, this 10th day of October 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:06cv421/LAC/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**